UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DANIEL E. UMSTEAD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-263 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| KENNETH McKEE et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### Discussion

I.      Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections and housed at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues IBC Warden Kenneth McKee and Corrections Officer Margrette Williams.

Plaintiff claims that on November 24, 2003, he was seriously assaulted by another prisoner while he was in the dining hall of the protective housing unit, Unit 2. Plaintiff alleges that

Defendant Williams was present at the time of the assault, but she made no attempt to intervene and left the area, allowing Plaintiff to be beaten until he was unconscious.  Plaintiff alleges that he has permanent damage to his left eye and suffers severe headaches and blurred vision.  According to Plaintiff, Defendant Williams threatened that if Plaintiff brought the incident to the courts, he would suffer repercussions, such as being placed in administrative segregation until his discharge.

For relief, Plaintiff requests immediate transfer to a lower protection unit, the firing of Defendant Williams, and compensatory damages in the amount of $250,000.

II.    Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claim that Williams permitted his assault and subsequently threatened retaliation are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement"). Plaintiff, however, failed to file a grievance against either Defendant or to pursue such grievance through all three steps of the grievance process. *See Freeman*, 196 F.3d 641, 645 (6th Cir. 1999) (requiring that prisoners pursue all available administrative procedures); *Brown*, 139 F.3d at 1103 (6th Cir. 1998). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

Plaintiff suggests that he should be excused from filing administrative grievances because he fears retaliation that could threaten his safety. The Supreme Court clearly has held that exhaustion is required in all cases, notwithstanding the nature of the allegations. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong). In *Larkin v. Galloway*, 266 F.3d 718 (7th

- 3 -

Cir.2001), the prisoner-plaintiff alleged in his complaint that he had not used the prison grievance system before filing suit because he was afraid to complain and did not want to provoke the administration. *Id.* at 720. The Seventh Circuit affirmed the dismissal of the complaint, though it did not expressly address the effect of the prisoner's alleged fear on his obligation to file a grievance. *Id.* at 723-24. Subsequently, in *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 997-98 (6th Cir. 2004), the Sixth Circuit declined to decide whether, in some circumstances, a fear of retaliation might excuse a prisoner's duty to exhaust because the plaintiff had failed to allege facts in support of his conclusion that he feared for his safety. The *Boyd* court therefore held that the plaintiff's nonspecific allegations of fear did not excuse his failure to exhaust his administrative remedies. *Id.* *See also Flanagan v. Maly*, No. 99 CIV 12336, 2002 WL 122921, at *2 n. 3 (S.D. N.Y. Jan. 29, 2002) (rejecting argument that prisoner could be excused from exhausting administrative remedies where correctional officers threatened him with violence if he filed a grievance because the prisoner "made no effort to file a written grievance, and verbal discouragement by individual officers does not prevent an inmate from filing a grievance."). *But see Hemphill v. New York*, 380 F.3d 680, 690 n.8 (2d Cir. 2004) (suggesting that threats may in some circumstances constitute justification for failing to file an ordinary grievance).

In light of the cited case law, it is highly questionable whether threats of retaliation could in any circumstances excuse the failure to exhaust administrative remedies. In the instant case, however, the Court need not decide the question. Although Plaintiff argues that Williams threatened to retaliate against Plaintiff if he were to "bring the incident to the courts," Plaintiff makes no allegations that Williams threatened him if he should file an administrative grievance. Plaintiff in fact has filed the instant civil rights action, notwithstanding Williams' threats, while he has failed

to file a grievance, about which no threats were made.  As a result, according to his own allegations, Plaintiff's explanation for his failure to file a grievance is unsupported.  Further, contrary to Plaintiff's representations, the kind of retaliation Williams threatened – that is, to place Plaintiff in administrative segregation (Compl. ¶ V) – is not the kind of action he reasonably could perceive as "detrimental to [Plaintiff's] life and saf[e]ty."  (Compl. ¶ III, B)  Plaintiff's allegations therefore are inconsistent and fail to allege facts that would excuse his failure to exhaust.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* Policy Directive 03.02.130, ¶ G(4).  The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).  However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from

payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  May 17, 2005                        /s/   David W. McKeague
                                    David W. McKeague
                                    United States District Judge